# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JOHNATHAN METELLUS, | : | Case No. 3:16-cv-300 |
| Plaintiff, | : | District Judge Thomas M. Rose |
| v. | : | Magistrate Judge Sharon L. Ovington |
| HEATHER WILSON, SECRETARY OF THE UNITED STATES AIR FORCE, et al., | : | |
| Defendants. | : | |

# **PROTECTIVE ORDER**

Because discovery in the above-captioned case involves confidential information covered by the Privacy Act, 5 U.S.C. § 522a, including the contents of personnel files of persons employed or formerly employed by the United States Air Force, it is hereby ordered that the following restrictions and procedures shall apply to certain information, documents, and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response, or information revealed during a deposition as confidential if counsel determines, in good faith, that such information is covered by the Privacy Act or that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "Confidential Information."

2. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Stipulation and Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

4. Information or documents designated as "confidential" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including agency counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d. Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

    e. The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

5. Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

    a. Inform the person of the confidential nature of the information or documents; and

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

7. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as "Confidential Information" provided that the material is designated pursuant to the procedures set forth herein no later than that latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal until further order of the Court. To the extent the Court requires any further act by

the parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order regarding Confidential Information), it shall be the obligation of the producing party of the documents to file with the Court to satisfy any such precondition. Where possible, only confidential portions of filings with the Court shall be filed under seal.

9. This Stipulation and Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S. D. Ohio Civ. R. 79.3.

10. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than sixty (60) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

11. Defendant will produce to Plaintiff all responsive documents in her possession covered by the Privacy Act pursuant to the terms of this Stipulation and Order within seven (7) days of the entry of this Order.

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

**STIPULATED:**

| FOR THE PLAINTIFF: | FOR THE DEFENDANT: |
|---|---|

s/_____
Serah E. Siemann (0088687)
Siemann & Associates Co., L.P.A.
1015 E. Centerville Station Rd.
Centerville, Ohio 45459
(937) 496-1450 Phone
(937) 496-1453 Facsimile
ssiemann@siemannlaw.com

s/_____
Kevin Koller (NY 5180609)
Assistant United States Attorney
200 W. Second Street, Suite 600
Dayton. Ohio 45402
Office: (937) 225-2910
Fax: (937) 225-2564
Email: kevin.koller@usdoj.gov

## **ORDER**

The parties having stipulated to the foregoing terms of the Protective Order and the Court having found them reasonable and appropriate:

**IT IS SO ORDERED.**

s/Sharon L. Ovington
SHARON L. OVINGTON
UNITED STATES MAGISTRATE JUDGE

**Stipulation to Proposed Protective Order**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Metellus v. Heather Wilson, Secretary of the United States Air Force, et al.*, have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____       DATED:

Signed in the presence of:

_____
(Attorney)